469 A.2d 582

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Lloyd PARKER, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 20, 1983.

Decided Dec. 30, 1983.

338

Eric B. Henson, Deputy Dist. Atty., Ronald Eisenberg, Philadelphia, for appellant.

David L. Pollock, Philadelphia (court-appointed), for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

On July 15, 1965, a drugstore at 1102 Girard Street in Philadelphia, operated by Lillian Baker and her husband, was robbed at gunpoint. On July 18, 1965, defendant, Lloyd Parker was arrested by the Philadelphia Police and driven back to the scene of the crime. According to Mrs. Baker's testimony at trial, she immediately recognized defendant as the robber, but was too afraid to identify him to his face (N.T. Trial 17, 19–20, 22, 85–86). Eight days later however, at the preliminary hearing, the victim positively identified the defendant as the assailant (N.T.P.H. 7/23/65 at 6, 28). At defendant's trial, the victim and two other individuals, present in the store at the time of the robbery, all identified defendant. The jury found defendant guilty of aggravated robbery and carrying a concealed deadly weapon.

The trial judge, the Honorable Victor J. DiNubile, denied post-verdict motions and sentenced defendant to five (5) to ten (10) years imprisonment. A direct appeal by defendant was denied by the Superior Court in 1966. *Commonwealth v. Parker*, 208 Pa.Super. 760, 223 A.2d 136 (1966), *allocatur denied*, No. 136–A Miscellaneous Docket No. 17 (PA filed 8/10/70). Defendant subsequently filed three petitions for relief under the Post-Conviction Hearing Act (hereinafter "P.C.H.A.") all of which were denied.

On June 3, 1976, defendant filed his fourth P.C.H.A. petition. Judge DiNubile dismissed the petition without a hearing. Defendant appealed this dismissal to the Superior Court. In a brief on the merits, filed in 1980, defendant alleged that the confrontation between the defendant and the victim of the robbery was impermissibly suggestive that the victim's subsequent identification should have been suppressed and that trial counsel, as well as all later counsel were ineffective for not raising this issue. On April 30, 1982, a panel of the Superior Court reversed and remanded for an evidentiary hearing on this fourth P.C.H.A. petition.

The Commonwealth, appellant herein, petitioned this Court for allowance of appeal and we granted allocatur.

In this appeal, appellant raises a number of issues. Succinctly stated they are: whether defendant, seventeen (17) years after his trial and four (4) P.C.H.A. petitions later, is entitled to a hearing on a claim which is not relevant to his guilt or innocence, and which will make no difference to the outcome of his trial and whether the Superior Court may order a remand for a post-conviction evidentiary hearing on prior counsel's representation although the record indicates counsel acted reasonably. We answer all the aforementioned questions in the negative.

■ The trial court dismissed defendant's fourth P.C.H.A. petition after finding that the issue raised had already been litigated. Pursuant to the Post-Conviction Hearing Act, 42 Pa.C.S.A. § 9544, an issue is waived if previously litigated. The Superior Court held that the record did not support this finding. Additionally, the Superior Court held that defendant's assertion of ineffectiveness of counsel provided an "extraordinary circumstance" which justified the failure to raise the issue in prior P.C.H.A. petitions. *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980). We do not agree.

■ In the instant case defendant, in his fourth P.C.H.A. petition, claims that his trial lawyer was ineffective for failing to have raised the issue of an impermissibly suggestive pre-trial confrontation. He further contends that this unconstitutional confrontation merits suppression of a later in-court identification. We disagree. The victim's identification was corroborated by two (2) individuals present at the time of the robbery (N.T. Trial 34, 61). Additionally, the victim also identified defendant eight days later at the preliminary hearing (N.T. Trial 95). Despite this overwhelming evidence of defendant's guilt, he has attempted to collaterally attack his conviction with a feeble ineffectiveness of counsel claim. This is the type of abuse of collateral review which must be eradicated.

■ Defendant is using his claim of ineffectiveness of counsel as a vehicle to perpetuate his meritless case. In order for a defendant to be granted collateral relief he must demonstrate a credible claim that he has actually received ineffective assistance. A naked allegation without more will not suffice.

■ The threshold inquiry made, when ineffectiveness of counsel is alleged, is whether the challenged action and/or inaction was of arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). If the claim is meritless, then counsel can not be deemed ineffective for failure to pursue it. *Commonwealth v. Gaston*, 474 Pa. 218, 378 A.2d 297 (1977).

■ Applying this standard to the case *sub judice* will result in dismissal of appellee's petition. Review of the facts of this case reveal a more than adequate basis for counsel's failure to contest the one-on-one confrontation. Primarily, counsel was aware that there existed an independent basis for the victim's in court identification.

■ Furthermore, the standard for ineffectiveness of counsel was set forth in *Commonwealth ex rel. v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Under *Maroney*, if it can be garnered from the record that counsel acted reasonably then relief will be denied. Here defense counsel chose to use the victim's failure to identify defendant at the pre-trial confrontation to his advantage. By introducing this confrontation at trial, the jury was made aware of the victim's failure to identify defendant at that time, thus casting doubt upon the victim's subsequent identifications of the defendant. This strategy can hardly be deemed ineffective.

In light of our disposition, the decision of the Superior Court is reversed and the order of the Court of Common Pleas of Philadelphia County, Criminal Division denying defendant's petition for relief under the Post Conviction Hearing Act is re-instated.

ROBERTS, C.J., concurs in the result, as does ZAPPALA, J.

FLAHERTY, J., concurs in the result and files a concurring opinion.

FLAHERTY, Justice, concurring.

Concurring in the result reached by the majority, I take this opportunity to reassert the position set forth in my authored dissent in *Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980).