J-S80041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KEVIN GOBLE, SR. | |
| Appellant | No. 153 MDA 2016 |

Appeal from the PCRA Order December 22, 2015
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003767-2009

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED DECEMBER 21, 2016**

Appellant, Kevin Goble, Sr., appeals from the December 22, 2015 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  In addition, appellate counsel, Matthew P. Kelly, Esq., has filed an application seeking to withdraw representation, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  After careful review, we grant counsel's application to withdraw and affirm the order of the PCRA court.

On September 16, 2010, a jury convicted Appellant of rape of a child, involuntary deviate intercourse with a child, aggravated indecent assault of a child, and three counts of indecent assault of a person less than thirteen

years of age as a result of the ongoing sexual abuse of his stepdaughter.[1] On March 4, 2011, the court sentenced Appellant to an aggregate sentence of 204 to 408 months of incarceration. Appellant timely filed post-sentence motions arguing that the court abused its discretion by imposing an excessive sentence which failed to adequately consider mitigating circumstances. The court denied Appellant's motion.

Appellant timely appealed, but his appeal was dismissed for failure to file a brief. Appellant's direct appeal rights were reinstated pursuant to a PCRA petition. On May 28, 2014, this Court denied Appellant's direct appeal. *See Commonwealth v. Goble*, 104 A.3d 61 (Pa. Super. 2014) (unpublished memorandum).

Appellant *pro se* filed a petition seeking PCRA relief. Counsel was appointed. Following an evidentiary hearing, on December 22, 2015, the PCRA court denied Appellant's petition. PCRA counsel was granted leave to withdraw representation.

Appellant timely appealed to this Court and, after appellate counsel was appointed, filed a Pa.R.A.P. 1925(b) statement of errors. The trial court did not issue a responsive opinion but adopted its December 22, 2015 memorandum opinion denying Appellant's PCRA petition.

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3125(b), and 3126(a)(7), respectively.

On August 11, 2016, appellate counsel filed in this court a *Turner/Finley* brief[2] and an application to withdraw as counsel. The brief sets forth the following issues Appellant seeks to raise on appeal:

> I. Whether trial counsel was ineffective in failing to present evidence that the victim was pressured to testify.
>
> II. Whether trial counsel was ineffective in failing to argue [Appellant's] innocence to the jury.
>
> III. Whether trial counsel was ineffective in failing to prove to the jury that Genevieve Goble had a bias or motive to testify against [Appellant].
>
> IV. Whether the Commonwealth violated [Appellant's] right to a speedy trial pursuant to Pa.R.Crim.P. 600.
>
> V. Whether trial counsel was ineffective in failing to object to the Commonwealth's opening statement that she intended to prove [Appellant] was guilty.
>
> VI. Whether trial counsel was ineffective in coercing [Appellant] to waive his spousal privilege against his wife testifying.

*Turner/Finley* Brief at 1. Counsel forwarded a copy of his brief and motion to Appellant and advised him of his right to proceed *pro se*. In his *pro se*

---

[2] We would note that counsel submitted his *Turner/Finley* brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967). Although a no merit letter is the appropriate filing, as an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner/Finley* letter. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 111 n.3 (Pa. Super. 2004).

response, Appellant argues that the allegations of no merit are false and not supported by the record.[3]  Appellant's Reply Brief at 1-6.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error.  **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).  We afford the court's findings deference unless there is no support for them in the certified record.  **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Before considering the merits of Appellant's arguments, we must review PCRA counsel's request to withdraw from representation.  When requesting to withdraw, PCRA counsel must submit:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's explanation, in the letter, of why the issues were meritless.

**See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009) (quoting **Finley**, **supra**, at 215).  "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to

---

[3] Appellant also raises, in each of his issues, a number of layered claims of the ineffectiveness of PCRA counsel, which we will address separately.

withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." **Commonwealth v. Muzzy**, 141 A.3d 509, 511 (Pa. Super. 2016).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Id.** at 510-11 (citation omitted).

Instantly, we conclude that Mr. Kelly has complied with the requirements of **Turner/Finley**. Specifically, Mr. Kelly's brief details the nature and extent of his review, addresses the issues Appellant raised in his PCRA and Rule 1925(b) statement, and determines that the issues lack merit. Mr. Kelly provides a discussion of Appellant's claims and explains why those issues are meritless. Additionally, Mr. Kelly served Appellant with a copy of his petition to withdraw and brief and advised Appellant of his right to proceed *pro se* or with privately retained counsel. Accordingly, we will conduct an independent review of Appellant's claim.

All of Appellant's claims raise issues of ineffective assistance of counsel. We presume counsel is effective. **Commonwealth v. Washington**, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue

has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant claims that trial counsel was ineffective in failing to present evidence that the victim was pressured to testify. ***See Turner/Finley*** Brief at 1; Appellant's Reply Brief at 1.[4]  Appellant argues that Luzerne County Children and Youth Services (CYS) pressured the victim and "tainted" her testimony and references, in support, a letter written by the victim in which she stated that she hated her caseworker and wanted to return home to her family.[5]  Appellant's Reply Brief at 1-4.

_____

[4] We will address Appellant's claims of PCRA counsel ineffectiveness at the conclusion of this opinion.

[5] A copy of this letter was not included in the certified record.

- 6 -

The competency of a child to testify is a threshold legal issue the trial court must decide, and an appellate court will not disturb that determination absent an abuse of discretion. *Commonwealth v. Washington*, 722 A.2d 643, 646 (Pa. 1998). Every witness is presumed competent; a party who challenges the competency of a minor witness must prove by clear and convincing evidence that the witness lacks the minimal capacity 1) to communicate, 2) to observe an event and accurately recall that observation, and 3) to understand the necessity to speak the truth. *See* Pa.R.E. 601(a); *Commonwealth v. Pena*, 31 A.3d 704, 707 (Pa. Super. 2011). "Taint" is the implantation of false memories or distortion of actual memories through improper and suggestive interview techniques. *Pena*, 31 A.3d at 707. It implicates the second prong of the competency test, namely, the mental capacity to observe the occurrence itself. *Id.* The party challenging a witness must come forward with evidence before there is a competency hearing, and bears the burden of proving by clear and convincing evidence that the witness's memory has been tainted on the specific question. *Commonwealth v. Judd*, 897 A.2d 1224, 1229 (Pa. Super. 2006).

Appellant relies solely upon the letter to prove taint. The record reflects that counsel did in fact request a taint hearing based on this letter, which the trial court denied, holding that the letter did not rise to the level of taint. *See* Notes of Testimony (N. T.), Trial, 9/15/10 to 9/16/10, at 10-19. However, Appellant was permitted to cross-examine the victim extensively

- 7 -

regarding the letter. *Id.* at 71-75. Counsel then litigated this issue on direct appeal. A panel of this Court adopted the trial court's analysis of this issue. *See Goble*, 104 A.3d 61 at *4-5. No nexus existed between the case worker wanting the victim to testify and the victim's ambivalence about her situation, and no techniques were used during the interview of the child that would rise to the level of taint. *See Goble*, 104 A.3d 61 at *4-5. Accordingly, Appellant's claim lacks arguable merit. *See Johnson*, 966 A.2d at 533.

In his second issue, Appellant claims trial counsel was ineffective in failing to argue his innocence to the jury. *Turner/Finley* Brief at 6; Appellant's Reply Brief at 2. Specifically, Appellant argues that counsel was ineffective in failing to present "evidence of [his] actual innocence" and the victim's "history of making false alegations [sic] of sexual abuse against others in the past." Appellant's Reply Brief at 2.

As a first note, counsel did argue Appellant's innocence during both his opening statement and closing argument.[6] *See* N. T. Trial, at 29-50. Further, counsel extensively cross-examined the victim, the victim's mother, and the sexual assault nurse who examined the victim. *Id.* at 64-71, 90-93, 125-137. Appellant chose to testify in his own defense, admitting that he

---

[6] Although PCRA counsel references counsel's closing argument in his brief, it does not appear from the certified record that closing arguments were transcribed. *Turner/Finley Brief* at 6.

was aware the victim was nine years old at the time of the assaults. *Id.* at 200-01. Further, Appellant admitted to ejaculating while the victim performed oral sex on him. *Id.* at 210. Appellant claimed that he was the victim of the assault, rather than the child. *Id.* The jury, sitting as a fact-finder, clearly disbelieved Appellant's testimony. *See*, *e.g.*, *Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa. Super. 2015) (noting that the fact-finder is free to believe all, part, or none of the evidence, and determine the credibility of witnesses). Thus, the claim lacks arguable merit. *See Johnson*, 966 A.2d at 533.

Additionally, Appellant claims that counsel was ineffective for his failure to present evidence concerning the victim's disclosure of a past sexual assault. Appellant litigated the court's grant of the Commonwealth's *motion in limine* to preclude testimony on direct appeal, and this Court affirmed.

The Rape Shield Law governs the admissibility of evidence regarding a victim's past sexual conduct; the law bars evidence of the victim's past sexual conduct, opinion evidence thereto, and reputation evidence thereto, except evidence of the victim's past sexual conduct with the defendant where consent is at issue. *See* 18 Pa.C.S. § 3104. Our Court has previously held that assaultive sexual activity is covered by the Rape Shield Law, particularly where prior sexual conduct is irrelevant to a subsequent assault.

*Commonwealth v. Johnson*, 566 A.2d 1197, 1199 (Pa. Super. 1989), *aff'd,* 638 A.2d 940 (Pa. 1994).

An examination of the record shows that trial counsel argued that any past assaults were relevant to the extent the victim made claims that were unfounded. *See* N. T. Trial, at 4. The Commonwealth responded that the allegations had not been reported or pursued and there was no finding of any kind. *Id.* at 4-5. The trial court granted the Commonwealth's motion, precluding mention of any assaults, but allowed for reconsideration if the victim opened the door. *Id.* at 6. No additional assaults were mentioned during testimony.

On direct appeal, Appellant challenged the court's ruling. This Court affirmed on the basis of the trial court's analysis, which noted that the evidence was inadmissible under the Rape Shield Law, as the unreported, uninvestigated incident of sexual assault did not concern Appellant nor the issue of consent. *See Goble*, 104 A.3d 61 at *4. Moreover, Appellant mischaracterizes the victim's claims as constituting a "history of false allegations" that would require further investigation. At no time was argument or evidence introduced that would indicate the allegations were false. This claim lacks arguable merit. *See Johnson*, 966 A.2d at 533.

In his third issue, Appellant claims trial counsel was ineffective in failing to prove to the jury that Genevieve Goble had a bias or motive to testify against him. *Turner/Finley* Brief at 7; Appellant's Reply Brief at 3.

Specifically, Appellant argued that Ms. Goble had testified for the Commonwealth pursuant to a "deal" in which she would regain custody of her children. *Id.*

It is a general rule that the accused has the right to cross-examine Commonwealth witnesses for bias. *See Commonwealth v. Cox*, 728 A.2d 923 (Pa. 1999). In the instant case, trial counsel cross-examined Ms. Goble regarding the fact that her children were in foster care. *See* N. T. Trial, 131-34. Specifically, counsel inquired whether Ms. Goble agreed to testify in an effort to regain custody of her children. *Id.* at 134. However, Ms. Goble rejected this suggestion because she did not think she would ever be allowed to have her three children return to the home. *Id.* at 135. Thus, the claim is not of arguable merit, as the record reflects that the jury was apprised of Ms. Goble's potential bias.

Appellant also argued in his PCRA petition, and again in his reply to Mr. Kelly's *Turner/Finley* brief, that counsel was ineffective for failure to pursue an additional issue regarding Ms. Goble's testimony. Appellant's Brief at 3. Specifically, during a recess at trial, counsel suggested that CYS intended to remove Ms. Goble's remaining child from her custody. *See* N. T. Trial at 171-74. According to counsel, CYS threatened removal in response to Ms. Goble's trial testimony. *Id.* Counsel argued that this was proof that CYS had pressured Ms. Goble to testify. *Id.* at 175.

The trial court excluded any further testimony regarding this matter, as Ms. Goble had already testified, and because the statements were speculative and hearsay.[7]  At sidebar, Ms. Goble further clarified that the caseworker had not made any promises to her regarding her testimony and that she had not been threatened.  *Id.* at 177.  The trial court noted that if Appellant had any additional information to present regarding the issue as the trial continued, he would be given the opportunity.  *Id.* at 175-76.  Appellant did not, nor does he now, provide any additional information that could or should have been raised.  Counsel could not be ineffective for failing to further pursue a meritless claim.  *See Commonwealth v. Parker*, 469 A.2d 582, 584 (Pa. 1983).

In his fourth issue, Appellant claims that the Commonwealth violated his right to a speedy trial pursuant to Pa.R.Crim.P. 600 and that counsel was ineffective for failing to file a motion to dismiss.  *Turner/Finley* Brief at 8; Appellant's Reply Brief at 4.

The record reflects that the criminal complaint against Appellant was filed October 5, 2009.  Thus, the mechanical run date would have been October 5, 2010.  *See* Pa.R.Crim.P.  600(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.")  Appellant's

---

[7] Counsel suggested that CYS had called Ms. Goble's current paramour, who in turn called Ms. Goble. *See* N. T. Trial at 171-74.

trial commenced September 15, 2010. As the trial commenced within the 365-day period prescribed by Pa.R.Crim.P. 600, Appellant's claim lacks merit. *See Johnson*, 966 A.2d at 533.

In his fifth issue, Appellant claims that trial counsel was ineffective in failing to object to the Commonwealth's opening statement, where the assistant district attorney stated that she intended to prove Appellant was guilty.

With regard to a prosecutor's opening statement,

> Generally, a prosecutor's arguments to the jury are not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.

*Commonwealth v. Spotz*, 896 A.2d 1191, 1222 (Pa. 2006). A prosecutor must be free to present her arguments with logical force and vigor, and advocacy is permitted so long as there is a reasonable basis in the record for the prosecutor's remarks. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1146 (Pa. 2011). Comments based on the evidence or reasonable inferences therefrom are not objectionable, nor are comments amounting to oratorical flair. *Id.*

The record reflects that the Commonwealth stated that the evidence would prove Appellant guilty. *See* N. T. Trial at 39. The prosecutor did not state that Appellant was guilty. The prosecutor then went on to outline the evidence that the Commonwealth planned to present, all of which was, in

fact, presented over the course of the trial. Consequently, the opening statement was based upon the evidence and reasonable inferences therefrom and was not objectionable. Thus, this claim lacks arguable merit. *See Johnson*, 966 A.2d at 533.

Finally, Appellant claims trial counsel was ineffective in coercing him to waive his spousal privilege against his wife testifying. In his *pro se* PCRA petition, Appellant averred that counsel informed him that Appellant needed to waive his spousal privilege so that Ms. Goble could be questioned regarding her decision to testify for the Commonwealth. *See* Appellant's PCRA Petition at 10. Appellant argues that counsel was ineffective because this decision assisted the Commonwealth and not Appellant's case. *Id.*

At the PCRA evidentiary hearing, trial counsel testified that originally his strategy had been to have Ms. Goble testify on behalf of Appellant and that spousal privilege should thus be waived. *See* N. T., 11/19/15, at 5-12. Counsel was surprised when, at trial, Ms. Goble testified on behalf of the Commonwealth instead. *Id.* at 8.

This claim lacks arguable merit, as spousal privilege does not apply in any criminal proceeding against either spouse for:

> bodily injury or violence attempted, done or threatened upon the other, or upon the minor children of said husband and wife, or the minor children of either of them, or any minor child in their care or custody, or in the care or custody of either of them.

*See* 42 Pa.C.S. § 5913. Thus, because the instant matter was a criminal proceeding against Appellant committed upon the minor daughter of his

wife, in their custody, the waiver was a nullity. This claim lacks arguable merit. *See Johnson*, 966 A.2d at 533.

Finally, Appellant raised a number of layered claims of ineffectiveness, alleging that PCRA counsel was ineffective for failure to pursue or investigate certain of Appellant's claims. Additionally Appellant argues, in his response to Mr. Kelly's *Turner/Finley* brief, that Mr. Kelly himself was ineffective. Appellant's Reply Brief at 1-6. However, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter. *Commonwealth v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. Ct. 2012); *see also Pitts*, 981 A.2d at 880 n.4.

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition following an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief. Moreover, counsel has complied with the requirements of *Turner/Finley*, and his petition to withdraw is granted.

Application to withdraw granted; order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016

- 15 -