J-S11025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JASON JOHN DAVIS | : | |
| | : | |
| Appellant | : | No. 985 WDA 2016 |

Appeal from the PCRA Order June 10, 2014
in the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000345-2009,
CP-63-CR-0000346-2009, CP-63-CR-0000347-2009,
CP-63-CR-0000348-2009, CP-63-CR-0000349-2009,
CP-63-CR-0000350-2009

BEFORE:   OLSON, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 05, 2017**

Appellant, Jason John Davis, *pro se* appeals from the order entered June 10, 2014, denying as meritless his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of relevant facts and procedure, garnered from the PCRA court's opinion, which in turn is supported by the record.  PCRA Court Opinion, 10/11/2016, at 1-4.

---

* Former Justice specially assigned to the Superior Court.

In August 2009, following a bench trial,[1] Appellant was found guilty of nine counts each of burglary, criminal conspiracy, criminal trespass, theft, and receiving stolen property, four counts of criminal conspiracy, and one count of criminal mischief.[2] In October 2009, Appellant was sentenced to consecutive prison terms of three to six years for each conviction of burglary, and consecutive three-year terms of probation for each conviction of conspiracy. Appellant's sentence resulted in an aggregate term of twenty-seven years to fifty-four years of incarceration followed by twenty-seven years of probation.

Appellant timely filed a direct appeal, and in December 2011, this Court affirmed the judgment of sentence. **Commonwealth v. Jason John Davis**, 40 A.3d 195 (Pa. Super. 2011) (unpublished memorandum). In May 2012, the Appellant timely filed *pro se* a PCRA petition. The court appointed PCRA counsel, who sought leave to withdraw and submitted a **Turner**/**Finley**[3] "no merit" letter in July 2013. The court granted counsel's petition to withdraw and gave Appellant thirty days to amend his PCRA petition. In August 2013, Appellant filed a supplemental PCRA petition.

_____

[1] The judge who presided over Appellant's bench trial retired in 2012, and subsequently entered guilty pleas to criminal charges stemming from his theft of narcotics from evidence packs.

[2] **See** 18 Pa.C.S. §§ 3502, 903, 3503, 3921, 3925, 3921, 3304, respectively.

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

In April 2014, the PCRA court entered an opinion and order notifying Appellant of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907. In June 2014, the PCRA court dismissed Appellant's PCRA petition as meritless. Appellant did not timely appeal; however, in June 2015, Appellant filed a motion to reinstate his appellate rights *nunc pro tunc*, averring that he had not received the court's orders of April and June 2014. Appellant attached a copy of his legal mail registry from State Correctional Institution - Frackville, and the orders were not listed as received. Thereafter, the PCRA court granted Appellant's motion and reinstated his appellate rights.

Appellant appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive opinion.

Appellant raises the following issues for our review:

1. Were trial and appellate counsel ineffective for failing to challenge the illegal stop of the Appellant's motor vehicle, the subsequent seizure of his person, and the incriminating statements made by Jesika Gray as a result of this illegal detention?

2. Was trial counsel ineffective for failing to interview and subpoena witnesses to aid in the Appellant's defense, as he specifically requested counsel to do?

3. Was the evidence insufficient to support a conviction for the offense of burglary?

4. Was trial counsel ineffective for failing to object to the hearsay testimony of Trooper Vanderaar, as it was offered in evidence to prove the truth of the matter asserted?

5. Did the PCRA court abdicate [its] responsibility in conducting an independent review of appointed counsel's *Finley* letter?

6. Did the Appellant enter an unknowing and unlawful jury trial waiver when it was unknown to him at the time of the waiver that [the trial judge] was engaging in criminal activity while his sitting judge and under the influence of illegal narcotics? [*sic*]

7. Was the Appellant denied his constitutional right to a trial before a fair and impartial tribunal when it [was] discovered that [the trial judge] was stealing narcotics from evidence and using the same during the period of time that he presided over the Appellant's bench trial?

Appellant's Brief at 3.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant raises several claims of ineffective assistance of counsel. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission."

*Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. Counsel will not be considered ineffective for failing to pursue meritless claims. *Commonwealth v. Commonwealth v. Parker*, 469 A.2d 582, 584 (Pa. 1983). A claim will be denied if the petitioner fails to meet any of these requirements. *Commonwealth v. Springer*, 961 A.2d at 1267 (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first claim, Appellant asserts that both trial and appellate counsel were ineffective for failing to challenge the stop of his vehicle, asserting that the police trooper was without reasonable suspicion to subject him to an investigative detention. Appellant's Brief at 10-16. Further, Appellant characterizes the incriminating statements of Jesika Gray, a passenger in the car at the time of the stop, as fruit of the poisonous tree. *Id*. It is well-settled that when "an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." *Commonwealth v. Carelli*, 546 A.2d 1185, 1189 (Pa. Super. 1988) (citing *Kitrell v. Dakota*, 540 A.2d 301, 305 (Pa. Super. 1988) (internal citations omitted)).

Here, Appellant's challenge to counsel's assistance is meritless, as there was no property seized from Appellant in connection with the allegedly illegal stop, and he did not make any statements to police. **See**, **e.g**., **Commonwealth v. Millner**, 888 A.2d 680, 692 (Pa. 2005) ("[A] defendant cannot prevail upon a suppression motion unless he demonstrates that the challenged police conduct violated his own, personal privacy interests."). Additionally, Appellant lacked standing to challenge the alleged illegal detention of Ms. Gray. **See Commonwealth v. Brown**, 342 A.2d 84, 91 (Pa. 1975) ("[I]t is settled law that [an] appellant lacks standing to assert the alleged deprivation of another's constitutional rights.") (quoting **Commonwealth v. Butler**, 291 A.2d 89, 90 (Pa. 1972)). Accordingly, as Appellant's underlying suppression claim was without merit, neither trial counsel nor appellate counsel could be found to be ineffective for failing to pursue this claim. **Carelli**, 546 A.2d at 1189; **Parker**, 469 A.2d at 584.

In his second claim, Appellant asserts that trial counsel was ineffective for failing to interview and subpoena witnesses. Appellant's Brief at 16-18. Appellant failed to raise this issue in his concise statement of matters to be raised on appeal. Therefore, this issue is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) (providing that issues not raised in the concise statement are waived).

In his third claim, Appellant challenges the sufficiency of the evidence supporting his conviction for burglary. Appellant's Brief at 18-20. It is well-

established that challenges to the sufficiency of the evidence are not cognizable under the PCRA. **See Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting a sufficiency claim raised on PCRA appeal without an ineffective assistance of counsel analysis as it is not cognizable under the PCRA); **see also Commonwealth v. Bell**, 706 A.2d 855, 861 (Pa. Super. 1998) (holding that sufficiency claims are not cognizable under the PCRA). Moreover, this Court previously held on direct appeal that sufficient evidence existed to convict Appellant, and he is not permitted further review. **See Jason John Davis**, 40 A.3d 195, *3-5. As this issue has been previously litigated, it is not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(3) (recognizing that a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated). No relief is due.

Next, Appellant asserts that trial counsel was ineffective for failing to object to the admission of hearsay testimony by Trooper Vanderaar. Appellant's Brief at 20-23. However, this Court has previously rejected the underlying merits of this claim. **See Jason John Davis**, 40 A.3d 195, *6-7 (recognizing that (1) Appellant's claim was waived for failure to raise a timely objection and (2) any error was harmless as the original source of the statement testified). Accordingly, Appellant cannot establish trial counsel's ineffectiveness in this regard. **Pierce**, 527 A.2d at 975.

In Appellant's fifth claim, he argues that the PCRA court failed to conduct an independent review of the record prior to allowing PCRA counsel to withdraw. Appellant's Brief at 23-24. Specifically, Appellant contends that factual errors in PCRA counsel's *Turner/Finley* letter should have precluded the PCRA court from permitting counsel to withdraw. He further posits that the PCRA court could not have conducted an independent review and concluded it proper to permit counsel to withdraw. We disagree.

Here, Appellant's argument is belied by the record. Indeed, the PCRA court specifically stated in its opinion:

> After a thorough review of the record, the trial transcript, the transcript of the sentencing proceeding, the PCRA, the supplemental PCRA, the [Superior Court of Pennsylvania's] opinion[,] and the *Finley*[] no merit letter, this court filed an opinion and order … informing the Appellant that the court intended to deny his PCRA [petition.]
>
> * * *
>
> The court indeed conducted an independent review, including reading the transcripts and pleading[s,] and authored an eleven[-]page opinion. This claim is denied.

PCRA Court Opinion, 10/11/2016, at 4, 7 (some formatting added, unnecessary capitalization omitted). Accordingly, we conclude that the PCRA court conducted an independent review of the record prior to permitting PCRA counsel to withdraw. As such, Appellant's fifth claim is meritless.

Appellant contends in his sixth claim that he could not have entered a knowing and intelligent waiver of his right to a jury trial because he did not know that the trial judge was engaging in criminal activity and under the

- 8 -

influence of illegal narcotics while presiding over Appellant's trial. Appellant's Brief at 25-26. Here, Appellant was tried and sentenced years before the allegations of wrongdoing against the trial judge surfaced and prior to a criminal investigation of the judge. *See Commonwealth v. Dozier*, 99 A.3d 106, 111–12 (Pa. Super 2014) (requiring a nexus between presiding judge's alleged criminal activity and a defendant's proceedings). We agree with the sound reasoning of the PCRA Court:

> Appellant's trial judge pled guilty to theft by unlawful taking, obstruction of the administration of law and misappropriation of entrusted property. [] The [Appellant] makes no allegation of a nexus between [the judge's] illegal activity and the case at bar. No allegation was made that [the trial judge] misappropriated anything in this case or how [the judge] would have an interest in the outcome of this case. In the prosecution of [the trial judge], there was no allegation or inference that he was under the influence of drugs while he was presiding as a judge in any case. Without any nexus between the judge's conduct and this case, [Appellant's] claim fails.

PCRA Court Opinion, 10/11/2016, at 7-8.

In light of our disposition of Appellant's sixth issue, we need not reach the merits of his seventh issue, which is also predicated on the allegation of the trial judge stealing and using narcotics while conducting Appellant's trial. *See* Appellant's Brief at 26-29.

No relief is due to Appellant. Accordingly, the PCRA court properly dismissed Appellant's petition. *See Ragan*, 932 A.2d at 1170.

Order Affirmed.

President Judge Emeritus Stevens joins.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2017