J-S25021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| DAVID BROWN | : | |
| Appellant | : | No. 2116 EDA 2016 |

Appeal from the PCRA Order June 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0208571-2005,
CP-51-CR-0208581-2005, CP-51-CR-0208591-2005

BEFORE: BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                          **FILED JUNE 13, 2017**

Appellant, David Brown, appeals from the order entered June 9, 2016, denying as meritless his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We adopt the following statement of relevant facts and procedure, garnered from the record and the PCRA court's opinion. PCRA Court Opinion, 7/12/2016, at 1.

Appellant's charges stem from incidents involving three victims, and the cases were consolidated for the purposes of trial. In October 2008, Appellant was found guilty by a jury of indecent assault, and two counts each of rape, aggravated indecent assault, and unlawful contact with a

minor.[1]   Appellant was sentenced to twenty-five to fifty years of imprisonment followed by five years of probation.

Appellant timely filed a direct appeal. This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Commonwealth v. Brown*, 988 A.2d 715 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 995 A.2d 351 (Pa. 2010).

In May 2011, the Appellant timely filed *pro se* a PCRA petition. The court appointed PCRA counsel, who filed an amended petition on Appellant's behalf in June 2015. In February 2016, the PCRA court entered an order notifying Appellant of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907. In June 2016, the PCRA court dismissed Appellant's PCRA petition as meritless.

Appellant timely appealed. No Pa.R.A.P. 1925(b) statement was ordered; however, in July 2016, the PCRA court issued an opinion.

Appellant raises the following issues for our review:

1. Did the lower court err in failing to grant the Appellant PCRA relief where his sentence is illegal because he was subject to a mandatory minimum sentence that has been declared unconstitutional?

2. Did the lower court err in failing to grant the Appellant PCRA relief where trial counsel failed to pursue a meritorious motion

---

[1] *See* 18 Pa.C.S. §§ 3126(a)(1), 3121(a)(1), 3125, and 6318(a)(1), respectively.

pursuant to Rule 600 and the Appellant's constitutional right to a speedy trial without a hearing?

Appellant's Brief at 9.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In his first issue, Appellant challenges the legality of his sentence. Appellant cites in support *Alleyne vs. United States*, 133 S. Ct. 2151 (2013), where the Supreme Court of the United Sates held that any fact that increases the mandatory minimum sentence for a crime is "an element" that must be submitted to the jury. Appellant's Brief at 12. We note a challenge to the legality of the sentence cannot be waived and may be raised by this Court *sua sponte*. *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (internal citation omitted).

However, our Supreme Court has determined that the rule announced in *Alleyne* was neither a substantive nor a "watershed" procedural rule and, therefore, did not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) ("[A] new rule of law does not automatically render final, pre-existing sentences illegal.

- 3 -

A finding of illegality concerning such sentences may be premised on such a rule only to the degree that the new rule applies retrospectively."); *see also Commonwealth v. Riggle*, 119 A.3d 1058, 1064-67 (Pa. Super. 2015) (same). In the instant case, Appellant's judgment of sentence became final on August 1, 2010, upon the expiration of his ninety days to appeal to the United States Supreme Court following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal. *See* U.S.Sup.Ct.R. 13 (providing petition for writ of certiorari must be filed within ninety days after entry of order by state court of last resort denying discretionary review). Accordingly, no relief is due.

Appellant next contends that trial counsel rendered ineffective assistance of counsel by failing to assert that Appellant's right to a speedy trial was violated. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. Counsel will not be

considered ineffective for failing to pursue meritless claims. ***Commonwealth v. Parker***, 469 A.2d 582, 584 (Pa. 1983). A claim will be denied if the petitioner fails to meet any of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In the context of Rule 600, outlining a defendant's right to speedy trial, this Court has previously explained:

> In relevant part, Rule 600 requires that trial shall commence within 365 days from the date on which the complaint is filed. ***See*** Pa.R.Crim.P. 600(A). This straightforward calculation is known as the mechanical run date. ***See***, ***e.g.***, [***Commonwealth v.***] ***Ramos***, 936 A.2d [1097][,] 1102 [(Pa. Super. 2007)]. However, those periods of delay caused *by a defendant* are excluded from the computation of the length of time of any pretrial incarceration. Pa.R.Crim.P. 600(C). Following these exclusions, if any, we arrive at an adjusted run date by extending the mechanical run date to account for these exclusions. ***See***, ***e.g.***, ***Ramos***, 936 A.2d at 1102. Any other delay that occurs, despite the Commonwealth's due diligence, is deemed excusable and results in further adjustments to the effective run date. Pa.R.Crim.P. 600(G); ***see also Ramos***, 936 A.2d at 1102 (explaining that "[e]xcusable delay is a legal construct that takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence") (internal punctuation and citation omitted).

*Commonwealth v. Thompson*, 136 A.3d 178, 182 (emphasis in original); *see also* Pa.R.Crim.P. Rule 600.[2]  As a meritorious Rule 600 motion results in dismissal of charges against a defendant, a meritorious Rule 600 motion establishes the requisite prejudice for an ineffectiveness claim.  *See Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003) (finding counsel's performance deficient as the Commonwealth failed to exercise due diligence in bringing Appellant's case to trial).

In the instant matter, Appellant has failed to adequately develop a Rule 600 violation and, as a result, has failed to establish the arguable merit of his ineffective assistance claim.  *See Johnson*, 966 A.2d at 533; *see also Natividad*, 938 A.2d at 321-22 (noting that an appellant bears the burden of pleading and proving each of the three ineffectiveness prongs on appeal).

Here, Appellant's brief is devoid of any argument attempting to establish that the Commonwealth failed to act with due diligence in bringing Appellant to trial.  Appellant failed to offer any averment regarding the Commonwealth's failure to try him within the requite 365-day time period and made no attempt to quantify the days between the commencement of

---

[2] A new Rule 600 was adopted by our Supreme Court, effective July 1, 2013. Appellant's charges were filed prior to the effective date of the new rule; accordingly, we apply the former version in the case *sub judice*. *See Commonwealth v. Roles*, 116 A.3d 122, 125, n.4 (Pa. Super. 2015), *appeal denied*, 128 A.3d 220 (Pa. 2015).

prosecution and his trial date. A review of the record reveals four continuances attributable to the defense, three of which involve defense counsel's unavailability. Appellant has not explained through argument or calculation of run dates how or why the time at issue is problematic.

Moreover, Appellant, who was re-arrested and re-charged, failed to include the alternate arrest date in his brief, and in a scant attempt to illustrate the duration of time between Appellant's arrest and the commencement of trial, Appellant provides an erroneous arrest date. Appellant's Brief at 15.[3] Indeed, there is no discussion demonstrating which of Appellant's two arrest dates should be used to calculate the mechanical run date, a necessary inquiry in evaluating Rule 600 motions. *See*, *e.g.*, ***Commonwealth v. Claffey***, 80 A.3d 780, 786–787 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (noting that in cases of subsequent complaints following a withdrawn or dismissed complaint, the law requires that Rule 600 courts evaluate whether the Commonwealth was diligent with respect to the initial complaint).

Appellant does not develop an argument sufficient to suggest that the Commonwealth failed to exercise due diligence in commencing trial, and it is

_____

[3] Incidentally, a formatting error in the next paragraph of Appellant's Brief transforms a purported block quote from our Supreme Court's opinion in ***Commonwealth v. Simms***, 500 A.2d 801, 803 (Pa. 1985), by adding a citation that does not in fact appear in the opinion, and supplying a conclusion opposite of the holding in the case. ***See*** Appellant's Brief at 16.

not apparent from the record that the Commonwealth failed to exercise due diligence after the filing of the second complaint. *See Claffey*, 80 A.3d at 786–787 (recognizing that Rule 600 time for the second complaint will be calculated from the filing of the first complaint when the Commonwealth attempts to circumvent the Rule). Appellant has failed to meet the arguable-merit prong of his claim that trial counsel was ineffective for failing to file a Rule 600 motion. *Springer*, 961 A.2d at 1267. Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017